**FILED**

**June 22, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **B.R. and H.R.**

**No. 20-0835** (Summers County 20-JA-9 and 20-JA-10)

## MEMORANDUM DECISION

Petitioner Father C.R., by counsel John C. Anderson II, appeals the Circuit Court of Summers County's August 26, 2020, order terminating his parental rights to B.R. and H.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem, Amy L. Mann, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in holding an accelerated dispositional hearing without satisfying the requirements of Rules 31 and 32 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court vacates the circuit court's August 26, 2020, dispositional order, and remands the case to the circuit court for the holding of a properly noticed dispositional hearing. Accordingly, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to resolve the issues presented.

In April of 2020, the DHHR filed an abuse and neglect petition against petitioner, the children's mother, and petitioner's girlfriend, who was raising B.R. and H.R., alleging mental

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

health and substance abuse issues which impeded the ability of all three to parent the children.[2] In April of 2020, petitioner, his girlfriend, B.R., and H.R. were all living together. The DHHR alleged that the girlfriend was bedridden due to dystonia. Due to the girlfriend's illness, the children cared for her as opposed to the girlfriend caring for the children. According to the petition, B.R. informed a Child Protective Services ("CPS") worker that she was hungry and needed clean clothing because of bed bugs in the home. The CPS worker also indicated that B.R. felt unsafe in the home. The DHHR alleged that the children were planning on running away because of these conditions. According to the petition, the girlfriend barred the children from answering the door and only allowed them to speak to visitors through a window. The DHHR alleged that H.R.—who was just thirteen years old at the time—had previously decided to live with his grandparents and separated himself from his sibling and petitioner. According to the petition, the CPS worker implemented an in-home safety plan because the girlfriend's physical and mental health left her unable to parent the children, and petitioner was aware of the conditions of the home but did not address those conditions and failed to seek mental health treatment for or to protect the children.

The circuit court held a preliminary hearing in April of 2020 wherein a Child Protective Services ("CPS") worker testified that she received a referral that petitioner was not caring for the children. The CPS worker testified that she went to petitioner's residence and spoke to the children who said they feared for their lives and felt unsafe in the home. The worker also noted that A.C., an older child not at issue in this appeal, was cutting herself and that petitioner had not sought any mental health services for the child. The worker testified that the children also complained of bed bugs. The worker spoke with the girlfriend but found her incoherent and prone to mood swings. The CPS worker also testified that she spoke with petitioner, who stated he was aware of the girlfriend's mental health issues, the children's plans to run away from home, and A.C.'s self-harm. The CPS worker noted that petitioner admitted that neither he nor the girlfriend had sought any mental health services for the children. The CPS worker testified that she executed a seven-day protection plan for the children, placing the children with their respective grandparents. After the presentation of evidence, the circuit court found probable cause to support the allegations against petitioner citing concerns with "mental capacities and ability to parent, retaliation of the children's disclosures to CPS, and their lack of providing services for their family's mental and welfare needs and protection of the children." As a result, the circuit court found probable cause to give the DHHR legal and physical custody of the children.

The circuit court held a series of status hearings between May and August of 2020. At the first status hearing in May of 2020, the circuit court denied petitioner's request to represent himself throughout the proceedings and ordered that he participate in a psychological evaluation. Petitioner failed to appear at a status hearing held in June of 2020, and the circuit court was informed that petitioner also failed to attend his psychological evaluation. The circuit court held a final status hearing in August of 2020, where petitioner again failed to appear. The DHHR also informed the court that petitioner had failed to attend a recent multidisciplinary team meeting and would not complete his psychological evaluation. Nevertheless, the circuit court permitted petitioner's psychological evaluation to be rescheduled due to potential miscommunications. The circuit court

---

[2]The proceedings in circuit court concerned an additional child that is not petitioner's biological child. Petitioner raises no assignment of error regarding this child. Accordingly, this child is not the subject of this memorandum decision.

also denied petitioner's motion for a preadjudicatory improvement period due to his failure to cooperate and participate with the DHHR. At the conclusion of the hearing, the DHHR gave notice pursuant to Rule 32(b) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings that it would move to terminate petitioner's parental rights in an accelerated dispositional hearing immediately following the adjudicatory hearing should he fail to appear again.

The circuit court held an adjudicatory hearing in August of 2020 wherein petitioner failed to appear, and counsel for petitioner proffered that he did not know his whereabouts. Under questioning from the circuit court, petitioner's counsel admitted that he had not been in contact with petitioner. Next, a CPS supervisor testified that petitioner failed to appear for his rescheduled psychological evaluation. The CPS supervisor further testified that she had had no contact with petitioner and that petitioner failed to cooperate with the DHHR. Additionally, the CPS supervisor testified that petitioner had had no visits with the children even though the children would see petitioner drive past the home were they were staying every few days. The CPS supervisor testified that petitioner failed to call the children, did not wave to them, and did not request visitation. The circuit court also took judicial notice of a different CPS worker's testimony from the preliminary hearing.

In light of the evidence, the circuit court found that petitioner had abused and neglected B.R. and H.R. by the clear and convincing evidence presented. The circuit court also found that petitioner failed to participate or cooperate with any service providers, the DHHR caseworkers, or even his own counsel and, as a result, the court proceeded directly to disposition. Ultimately, the circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that it was in the best interest of the children to terminate petitioner's parental rights. Petitioner's counsel objected to the termination and the matter proceeding directly to disposition. The court's August 26, 2020, dispositional order reflected this termination.[3] It is from this dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[3]The mother is currently participating in an improvement period and her parental rights remain intact. The permanency plan for these children is reunification with her.

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in proceeding to disposition without his agreement and without properly providing him notice of the dispositional hearing. We agree.

Although the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings provide that a circuit court may proceed to disposition immediately following adjudication, there are certain requirements that must be met. Rule 32(b) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings sets forth as follows:

The disposition hearing immediately may follow the adjudication hearing if:

(1) All the parties agree;

(2) A child's case plan meeting the requirements of W. Va. Code §§ 49-4-408 and 49-4-604 was completed and provided to the court or the party or the parties have waived the requirement that the child's case plan be submitted prior to disposition; and

(3) Notice of the disposition hearing was provided to or waived by all parties as required by these Rules.

Further, Rule 31 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings sets forth that "[n]otice of the date, time, and place of the disposition hearing shall be given to all parties, their counsel, and persons entitled to notice and the right to be heard." Here, the circuit court noticed the August 24, 2020, hearing as an adjudicatory hearing only in its pre-adjudicatory status hearing order.

We have previously held that

"[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009). The record demonstrates that the circuit court proceeded to disposition without determining if the parties were in agreement or if notice of the hearing was waived. In fact, petitioner failed to appear at the hearing and his counsel objected to proceeding to disposition and terminating his parental rights. By proceeding immediately to disposition in the case, the circuit court ignored Rules 31 and 32, as set forth above. We have previously held that notice of the dispositional hearing is mandatory and that an accelerated dispositional hearing may be held only when the conditions of Rule 32 are met. *See In*

*re Travis W.*, 206 W. Va. 478, 483, 525 S.E.2d 669, 674 (1999) (holding that a circuit court's failure to comply with Rules 31 and 32 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings was a substantial disregard of process and required remand). Accordingly, we find that because the circuit court substantially disregarded the process established by the rules, the resulting dispositional order must be vacated, and the case must be remanded for compliance with that process.

For the foregoing reasons, we vacate the dispositional portion of the circuit court's August 26, 2020, order, insomuch as it relates to petitioner's parental rights,[4] and remand this matter to the circuit court for the holding of a properly noticed dispositional hearing, and for further proceedings consistent with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Chapter 49 of the West Virginia Code. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and remanded.

**ISSUED**: June 22, 2021


**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

[4]This memorandum decision vacates the circuit court's August 26, 2020, order as it relates to petitioner only and does not affect the rights of any other parties named in that order.

5